IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BOBBY GREEN,                       )
                                   )
          Petitioner,              )
                                   )
vs.                                )     Case No. CIV-13-756-M
                                   )
JUSTIN JONES, DOC Director,        )
                                   )
          Respondent.              )

## REPORT AND RECOMMENDATION

I.  **The petition and procedural history.**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging the state court's revocation of two suspended sentences on the sole ground that the evidence supporting the revocation should have been suppressed as fruit of the poisonous tree. Doc. 1, at 6. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

In response to the petition, Respondent maintains that federal habeas review of Petitioner's Fourth Amendment challenge to the state court revocation order is barred because that claim has already been fully and fairly litigated in state court. Doc. 13, at 3-8.[1] Petitioner countered with what he terms as an

_____

[1] The Tenth Circuit has construed habeas applications filed by state prisoners who are challenging revocation orders on constitutional grounds as
(continued...)

Addendum to Habeas Corpus. Doc. 17. After careful review of all filings of record, the undersigned concludes that Petitioner is not entitled to habeas corpus relief.

## II. Petitioner is precluded from litigating his Fourth Amendment claim in a federal habeas proceeding brought pursuant to § 2254.

Invoking *Stone v. Powell*, Respondent argues that this Court cannot reach the merits of Petitioner's claim that the evidence used to revoke his suspended sentences should have been excluded under the Fourth Amendment. Doc. 13, at 3-8. In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. This opportunity may be provided by the State either at trial or on direct review. *Id*. at 494-95 n.37 ("[W]e hold only that a federal court need not apply the exclusionary rule on habeas review of a

---

[1](...continued)
arising under § 2254 and under 28 U.S.C. § 2241. *See Cappelli v. Zavaras*, 249 F. App'x 52, 56 (10th Cir. 2007) (affirming application of *Stone v. Powell*, 428 U.S. 465 (1976), in a § 2254 Fourth Amendment challenge to the validity of probation revocation proceedings); *Stoltz v. Sanders,* Nos. 00-6188, 00-6288, 2000 WL 1730894, at *1 (10th Cir. Nov. 22, 2000) (unpublished op.) ("To the extent Mr. Stoltz is challenging the revocation of his sentence, we construe his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity.").

Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review.").

Here, Petitioner pled guilty in 2007 to two counts of Possession of a Controlled Dangerous Substance (ecstacy) in the District Court of Oklahoma County. Doc. 13, Ex. 3 (Summary Opinion of the Oklahoma Court of Criminal Appeals (OCCA)), at 1. The district court judge sentenced him to six years on each count with all but the first year suspended and made the sentences subject to the terms and conditions of probation. *Id.* In 2010, the State sought to revoke the suspended sentences on the grounds that Petitioner had committed certain offenses charged in Case No. CF-2010-6165 in the District Court of Oklahoma County. *Id.*

A state district court judge conducted a hearing in August 2011, calling first for evidence on Petitioner's motion to quash the arrest and suppress evidence in Case No. CF-2010-6165. Hearing Transcript, at 4-5. (Doc. 15, conventionally filed). No additional evidence was offered and the court relied on the preliminary hearing transcript to find that Petitioner's arrest was illegal because the arresting officer did not have sufficient probable cause. *Id.* at 4-5, 9, 14. Based on the illegal arrest, the court suppressed evidence of the marijuana and scales found on Petitioner when he was processed at the jail

3

following his arrest. *Id.* at 14.

Following that ruling, the court took up the revocation application and heard testimony from the jailer who described finding the marijuana and scales while searching the Petitioner. *Id.* at 15-20. The jailer also testified that Petitioner "was difficult to deal with" and "wouldn't answer a lot of questions." *Id.* at 18.

The State rested, and the court heard argument. *Id.* at 25-32. Petitioner's attorney conceded "that the law says that you can use evidence in a bad search in a revocation hearing," but argued that state law holds that the exclusionary rule bars such evidence in the event of egregious police conduct. *Id.* at 27-28. The court then questioned Petitioner on the specifics of his 2007 guilty pleas, *id.* at 32-35, and found that Petitioner was in possession of marijuana when he was processed at the jail following his 2010 arrest and that this was a violation of the rules and conditions of his probation in the earlier cases. *Id.* at 35-36. The court found "that the appropriate execution of the sentences . . . is to revoke in full on each of the cases . . ." *Id.* at 37.

When the court asked Petitioner if he had understood the questions that had been put to him, Petitioner voiced a lack of understanding about the revocation process and his right to testify. *Id.* at 41-42. The court permitted him to testify and he disputed the police officer's preliminary hearing testimony

4

with regard to where the arrest occurred and claimed that the officer had "tased" him, causing him to be less responsive to the questions put to him by the jailor who found the marijuana and scales. *Id.* at 42-43. The court considered the testimony, and found that it did not change the ruling. *Id.* at 43-44.

Petitioner appealed the ruling to the OCCA, contending that the evidence that the state district court suppressed as a result of the illegal arrest in Case No. CF-2010-6165 should also have been suppressed for purposes of the revocation proceeding. Doc. 13, Ex. 1, at 2-6. To support his claim that egregious police conduct warrants application of the exclusionary rule in a revocation proceeding, Petitioner pointed to his own revocation hearing testimony, *id.* at 3, and to the state district court's findings that, one, the police officer arrested Petitioner for obstruction because he refused to answer questions during a voluntary contact and, two, the public intoxication arrest was unwarranted because it was grounded on the police officer's observations that were also consistent with a physical impairment. *Id.* at 6. Petitioner submitted that "[a]ny arrest made absent probable cause, where a citizen is deprived of his liberty, should be considered egregious and shock the conscience." *Id.*

The OCCA affirmed the revocation of Petitioner's suspended sentences, citing its holding in *Richardson v. State*, 841 P.2d 603, 605 (Okla. Crim. App. 1992), that "the exclusionary rule does not apply to revocation proceedings

absent some showing that egregious or illegal police conduct warrants such exclusion." Doc. 13, Ex. 3, at 2. The OCCA found "no evidence in this record indicating that the arresting officer's conduct was either illegal or egregious" and that "exclusion of the evidence was not warranted." *Id.*

In this Court, Petitioner essentially repeats his appellate arguments and, understandably given the record, makes no claim that he was denied his chance to fully litigate his Fourth Amendment claim in the state courts. Doc. 1.[2] Neither did Petitioner so claim after Respondent asserted the *Stone v. Powell* bar in response to the petition. Docs. 13, 17.[3]

"[T]he Supreme Court in *Stone v. Powell* declined to extend the exclusionary rule to habeas corpus proceedings by state prisoners 'where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim.'" *United States v. Lee Vang Lor,* 706 F.3d 1252, 1257 (10th Cir. 2013) (quoting *Stone v. Powell*, 414 U.S. at 494). "An 'opportunity' for full and fair consideration requires at least 'the procedural opportunity to raise or otherwise present a Fourth Amendment claim,' a 'full and fair evidentiary

---

[2] *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

[3] Instead, Petitioner relies only on two decisions explicitly overruled by the OCCA in *Richardson*. Doc. 17; *see Richardson*, 841 P.2d at 605.

6

hearing,' and recognition and at least colorable application of the correct Fourth Amendment constitutional standards.'" *Id.* at 1258 (quoting *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978)).

As noted, Petitioner "identifies no procedural deficiencies in this case . . . ." *Id.* And, while the OCCA relied on its own decision in *Richardson* in rejecting Petitioner's Fourth Amendment claim, that decision reflects the OCCA's application of appropriate Fourth Amendment standards. *See* 841 P.2d at 604 ("[T]he Supreme Court has made clear that the Fourth Amendment 'has never been interpreted to proscribe the introduction of illegally seized evidence in all proceedings or against all persons.'") (quoting *United States v. Leon*, 468 U.S. 897, 906 (1984)).

Petitioner contends that the OCCA's decisions both here and in *Richardson* are inconsistent with established Supreme Court precedent in *Weeks v. United States*, 232 U.S. 383 (1914); *Silverthorne Lumber Co. v. United States,* 251 U.S. 385 (1920); *Mapp v. Ohio*, 367 U.S. 643 (1961); and *Davis v. United States*, 131 S. Ct. 2419 (2011). Doc. 1, at 9. Petitioner misapprehends the exclusionary rule's evolution.

In *Davis*, the Court underscored that under current interpretation, "[t]he [exclusionary] rule's sole purpose . . . is to deter future Fourth Amendment violations." 131 S. Ct. at 2426. The Court recognized that "there *was* a time

7

when our exclusionary-rule cases were not nearly so discriminating in their approach to the doctrine," and pointed to dicta in earlier decisions including *Weeks* and *Mapp* "suggest[ing] that the rule was a self-executing mandate implicit in the Fourth Amendment itself." *Id.* at 2427 (emphasis added). The Court explained that "[i]n time, however, we came to acknowledge the exclusionary rule for what it undoubtedly is – a judicially created remedy of this Court's own making." *Id.* (internal quotation marks omitted). Beginning in *Leon*, 468 U.S. at 909, 911 – applied by the OCCA here and in *Richardson* – the Court then "recalibrated [its] cost-benefit analysis in exclusion cases to focus the inquiry on the 'flagrancy of the police misconduct' at issue." *Davis*, 131 S. Ct. at 242 (quoting *Leon*, 468 U.S. at 911).

Petitioner has failed to establish that the OCCA misapplied current Fourth Amendment standards. Petitioner had the opportunity for a full and fair litigation of his Fourth Amendment claim in state court, and this Court's consideration of that claim is precluded.

### III. Alternatively, Petitioner is not entitled to habeas relief if his petition is construed as arising under § 2241.

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). With respect to Plaintiff's claim that illegally

seized evidence was used to revoke his suspended sentences, "the federal exclusionary rule does not bar the introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights." *Pa. Bd. of Probation & Parole v. Scott*, 524 U.S. 357, 364 (1998). The Court reasoned that "[a]pplication of the exclusionary rule . . . would provide only minimal deterrence benefits in this context, because application of the rule in the criminal trial context already provides significant deterrence of unconstitutional searches." *Id*; *see also United States v. Finney*, 897 F.2d 1047, 1048 (10th Cir. 1990) (holding the exclusionary rule inapplicable in federal probationary revocation hearings because it "will not achieve the deterrent effect behind the rule").

Petitioner is not "in custody in violation of the Constitution," 28 U.S.C. § 2241(c)(3), and is not entitled to habeas relief.

## IV. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends the denial of Petitioner's application for habeas relief.

The undersigned advises the parties of their right to object to this report and recommendation by the 3rd day of September, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and

recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this case.

IT IS SO ORDERED this 14th day of August, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE